UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURANE BARROW,

    Plaintiff,

v.

Case No. 06-12186

Hon. John Corbett O'Meara

AMICA MUTUAL INSURANCE COMPANY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the court is Defendant's motion for partial summary judgment, filed December 20, 2006. Plaintiff filed a response brief on March 30, 2007; Defendant submitted a reply on April 4, 2007. The court heard oral argument on April 5, 2007, and took the matter under advisement. For the reasons set forth below, Defendant's motion is granted.

**BACKGROUND FACTS**

Plaintiff Durane Barrow is suing Amica Mutual Insurance Company for failing to pay a claim on a homeowner's insurance policy. There was a fire at Barrow's home in Sumpter Township on March 14, 2005. Barrow reported the loss to Defendant Amica the next day. Amica conducted an investigation and determined that the fire was intentionally set by Barrow or with Barrow's knowledge. Amica denied Plaintiff's claim on June 28, 2005.

Barrow filed suit against Amica in March 2006; the case was removed to this court on May 12, 2006. Barrow's complaint alleges two counts: breach of contract and a claim for penalty interest under the Michigan Uniform Trade Practices Act, M.C.L. 500.2001, *et seq.*

With respect to the contract claim, Barrow seeks "consequential damages," including attorney's fees.

Defendant seeks partial summary judgment, alleging that Barrow is not entitled to extra-contractual damages or penalty interest.

## LAW AND ANALYSIS

Defendant reads Barrow's request for "consequential damages" as a tort claim for "bad faith" breach of the insurance contract. Michigan law does not recognize an independent tort based upon bad faith breach of contract. Society of St. Vincent de Paul v. Mt. Hawley Ins. Co., 49 F. Supp. 2d 1011, 1019 (E.D. Mich. 1999) (Edmunds, J.). Plaintiff denies, however, that he is alleging a bad faith tort claim. Rather, he asserts that his claim for consequential damages arises from the breach of contract. Plaintiff alleges that he has sustained consequential damages "that were in contemplation of the parties when the contract was made or which are the natural and usual consequence of a breach of a property loss contract." Pl.'s Cmpl. at ¶ 17. See Kewin v. Massachusetts Mut. Life Ins. Co., 409 Mich. 401, 421 n.2 (1980) ("We do not address a question not raised: Whether compensation for attorney's fees or other items of pecuniary loss caused by a breach of the insurer's contractual obligation to process claims in good faith might be recoverable if properly pleaded."). Specifically, Plaintiff seeks compensation for the additional mortgage interest he contends that he incurred as a result of Defendant's failure to pay his claim. Plaintiff also seeks attorney fees.

Defendant contends that Plaintiff cannot recover damages beyond the policy terms because Plaintiff cannot show that such consequential damages were "reasonably contemplated" by the parties at the time the contract was made. See Lawrence v. Will Darrah & Assocs., Inc.,

445 Mich. 1, 516 N.W.2d 43 (1994).  To recover consequential damages, Plaintiff must show that Defendant "reasonably knew or should have known" that in the event of a breach Plaintiff would suffer such damages (such as "additional mortgage interest" here).  Id. at 15.  Plaintiff has not shown that Defendant reasonably should have known that, in the event Defendant did not timely pay a claim, Plaintiff would have "incurred additional interest to Plaintiff's mortgage company that would not have been incurred had Defendant paid the claim timely." Pl.'s Br. at 16.  In other words, Plaintiff has not pointed to any evidence that the consequential damages he seeks were reasonably foreseeable at the time of contracting.

Further, it is clear that Plaintiff is not entitled to attorney fees for litigation resulting from the breach of an insurance contract.  Burnside v. State Farm Fire & Cas Co., 208 Mich. App. 422, 528 N.W.2d 749 (1995) ("[A]ttorney fees are recoverable only when expressly authorized by statute, court rule, or a recognized exception.")

Defendant also contends that Plaintiff is not entitled to penalty interest under M.C.L. 500.2006, the Michigan Uniform Trade Practices Act ("UTPA").  The UTPA provides that an insurer must pay a claim within 60 days of receiving a satisfactory proof of loss.  If the insurer does not timely pay the claim, the insurer must pay penalty interest of 12%, unless the claim is "reasonably in dispute." Defendant contends that because Plaintiff's claim is reasonably in dispute, he is not entitled to penalty interest as a matter of law.

Plaintiff asserts that he is entitled to penalty interest even if his claim is reasonably in dispute.  Plaintiff bases his argument on dicta in Yaldo v. North Pointe Ins. Co., 457 Mich. 341 (1998), where the court suggested that the statute's "reasonably in dispute" language applied only to third-party tort claimants, not insureds.  Michigan courts have recognized this language

from Yaldo as dicta, however, and have not followed it.  See, e.g., Arco Indus. Corp. v. American Motorists Ins. Co., 232 Mich. App. 146, 594 N.W.2d 61 (1998); Angott v. Chubb Group of Ins. Cos., 270 Mich. App. 465, 717 N.W.2d 341 (2006).  See also St. Vincent, 49 F. Supp. 2d at 1020 ("This Court predicts that, if called upon to address the [penalty interest] issue here, the Michigan Supreme Court would follow this recent Arco decision.").

Accordingly, the court finds that Michigan law allows Plaintiff to recover penalty interest only if his claim is not reasonably in dispute.  In this case, given the Defendant's investigation (including interviews of the Plaintiff and expert reports), it appears that Plaintiff's claim is reasonably in dispute.  Therefore, Plaintiff is not entitled to penalty interest.

Plaintiff claims that whether the claim is reasonably in dispute is a matter for the jury. Plaintiff has not cited any legal authority for this proposition, however.  Courts determine whether a claim is reasonably in dispute as a matter of law.  See St. Vincent, 49 F. Supp. 2d at 1021.  In this case, although Plaintiff disputes the conclusions of Defendant's investigation, and asserts in a conclusory manner that Defendant's experts are biased, Plaintiff has not set forth facts demonstrating that Defendant did not honestly and fairly investigate his claim.  Under these circumstances, Plaintiff has not shown that his claim is not reasonably in dispute.

## **ORDER**

Therefore, for the reasons set forth in this opinion and order, IT IS HEREBY ORDERED that Defendant's December 20, 2006 motion for partial summary judgment is GRANTED.


                                          s/John Corbett O'Meara
                                          United States District Judge

Dated:  April 9, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 9, 2007, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager