UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURANE BARROW,

    Plaintiff,

v.

    Case No. 06-12186

    Hon. John Corbett O'Meara

AMICA MUTUAL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DECLARING MISTRIAL AND SANCTIONS

    A jury trial in this case began on October 16, 2007. On October 17, 2007, while examining William Jenkins, defense counsel handed the witness (called by Plaintiff as an adverse witness) Exhibit I-1. Mr. Jenkins testified regarding this document. Subsequently, Defense counsel acknowledged that Exhibit I-1 was not identified in the final pretrial order and was not previously provided to Plaintiff.

    Rule 26 of the Federal Rules of Civil Procedure governs initial and pre-trial disclosures. In relevant part, Rule 26 provides that parties must disclose "an appropriate identification of each document or other exhibit" that they may present at trial. Fed. R. Civ. P. 26 (a)(3)(C). Local Rule 16.2 provides that the joint final pretrial order "shall fulfill the parties' disclosure obligations under Fed. R. Civ. P. 26(a)(3), unless the Judge orders otherwise." LR 16.2(a). The rule also specifically requires that the "parties must number and list, with appropriate identification, each exhibit, including summaries, as provided in Fed. R. Civ. P. 26(a)(3)(C). . . .

Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown." LR 16.2(b)(9). Further, Local Rule 16.2(b) provides that "the provisions of Fed. R. Civ. P. 37(c)(1) will apply to a failure to list an exhibit." Id. Rule 37(c)(1) states that a party failing to disclose an exhibit will not be permitted to use the evidence at trial "unless such failure is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Id.

Defense counsel admittedly failed to list Exhibit I-1 in the joint final pretrial order or disclose it to Plaintiff. Defendant has not provided any justification or good cause for this failure. The court finds that this failure is highly and unfairly prejudicial to Plaintiff's case. The court further concludes that no curative instruction to the jury can remedy the prejudicial impact of the use of Exhibit I-1 and the testimony that attended that use. Accordingly, for these reasons, the court declared a mistrial from the bench on October 18, 2007.

The court further concludes that monetary sanctions against Defendant for its unjustified failure to adhere to the court rules is appropriate. Defendant's conduct is particularly inappropriate given that the issues surrounding Exhibit I-1 – Plaintiff's previous claim history – were the subject of a motion in limine that was denied without prejudice. The motion was denied without prejudice prior to trial to allow the court to make an informed decision regarding the admissibility of the evidence as the issues were raised during trial. Rather than raise the issue of Exhibit I-1 outside the presence of the jury, Defendant proceeded as if the document had

been disclosed to Plaintiff and there were no potential issues regarding its admissibility.[1]

For all of these reasons, the court finds that a monetary sanction against Defendant in the amount of $5,000 is appropriate, to be paid to the Clerk of the Court within ten days of the date of this order.

**SO ORDERED.**

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: October 26, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 26, 2007, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager

---

[1] The court emphasizes that it has not ruled on the relevancy or admissibility of Exhibit I-1, had it been properly and timely disclosed.